## SAMUEL H. PHELPS *vs.* CHARLES CUTLER.

As between an attaching creditor, and a *bona fide* purchaser for valuable consideration, of personal chattels, evidence that the debtor, in the presence of a witness, declared that he delivered to the purchaser all the chattels named in the contract of sale, including a horse and vehicle which he was then driving, and that the purchaser then entered the vehicle and the two drove away together, is evidence to be submitted to a jury of a delivery of all the chattels, although there be also evidence that the debtor afterwards continued in possession, use and control thereof.

In an action against an officer for neglecting to attach property as the property of the plaintiff's debtor, the burden of proving that the property was so far the debtor's as to be liable to attachment as his, is upon the plaintiff throughout; although the defendant claims title in himself under a purchase from the debtor.

ACTION OF TORT against a constable of West Brookfield, for neglecting to attach two horses, a sleigh and harness, on a writ in favor of the plaintiff against David R. Hallowell. Trial in the court of common pleas, before *Sanger*, J., to whose rulings and instructions the plaintiff alleged exceptions, the material part of which is stated in the opinion.

This case was argued and decided at Northampton.

*S. T. Spaulding*, for the plaintiff.

*N. T. Leonard*, for the defendant.

SHAW, C. J. In revising a case on exceptions, it is necessary for this court to consider precisely what the exceptions are, and not go at large into the evidence reported; such evidence is reported, not as a statement of facts to enable this court to

12 *

decide on the merits, but only for the purpose of showing how the instructions refused or given apply to the case, and whether they were correctly given or withheld in point of law.

This was a suit against an officer, to recover damages for neglect of duty in refusing to attach personal property, on a writ of the plaintiff, as the property of a third party. The defendant refused, on the ground that he himself was the owner of the property, under a sale previously made to him by such third party, for a valuable consideration. The only ground relied on by the plaintiff was, that, although there was a contract for the sale by his debtor to the defendant, yet such sale had not been completed by a delivery; and this was the issue tried.

Delivery is undoubtedly necessary, by the rule of the common law, to give effect to a contract for the sale of chattels; but a very different rule prevails as to what constitutes a delivery, as between vendor and vendee, when the full price is paid or secured; and as between such vendee and an after purchaser or attaching creditor, where the sale is alleged to be colorable and not real, and made to defraud creditors. In the former case, any constructive or symbolical delivery is held sufficient; in the latter, the continued possession, control or enjoyment of the use of the property by the vendor, after the alleged sale, is held to be a badge of fraud, as in the case of *Edwards* v. *Harben*, 2 T. R. 587, and all that class of cases. In the present case, it appears by the exceptions that no question was made by the plaintiff that the sale by the debtor to the defendant was made *bona fide*, and for a valuable consideration.

1. The plaintiff requested the judge to rule that the evidence was insufficient in law to prove delivery of any of the property; but the judge declined so to instruct the jury, but left it, as a question of fact for the jury on the evidence. To this the plaintiff excepted; and, in support of this exception, relies upon the fact that the debtor continued in possession, use and control of the property, after the alleged sale, and until the writ was given to the defendant with instructions to attach the property, as belonging to the debtor.

But we think the judge was right. The question of delivery

was a question of fact upon the evidence; it is not the province of a judge to decide on such question of fact; but to leave it to the jury, with right instructions in matters of law.   Here was evidence competent to go to the jury.   Among the articles were a horse and sleigh, with which the vendor and vendee had been driving; the vendor, in presence of a witness called for the purpose by the vendee, declared that he delivered them to the vendee, together with the other enumerated articles, not then present, but included in the same contract of sale; after which the vendee got into the sleigh with the vendor, and they drove away together. This was evidence, proper to be submitted to a jury, both of actual and symbolical delivery, and which, if found to be so intended by the parties, would warrant them in finding a legal delivery, as between vendor and vendee, to pass the property under the contract of sale.   As to the right and duty of the court to submit questions of fact to the jury, upon evidence, see *Farnum* v. *Davidson*, 3 Cush. 232, and *Bassett* v. *Porter*, 4 Cush. 491.

2. The second exception of the plaintiff is waived.   It is significant, however, as showing the actual directions given by the court to the jury.   The judge decided, against the prayer of the plaintiff, that a delivery of a part of the property, under one contract of sale, is a good symbolical delivery of the whole—a legal proposition which, by waiving his exception, the plaintiff does not now contest.   But it manifests the propriety of the decision of the judge, to which the first exception was taken, in submitting the evidence to the jury upon the question of fact at issue, which involved all the property embraced in the contract of sale.

3. The last exception was to the decision of the judge that the burden of proof was on the plaintiff.   The court are of opinion that this direction was correct.   The issue was, whether the defendant had neglected his duty as an officer, in not attaching personal property, as the property of Hallowell, the debtor; and this involved the other question, whether the chattels specified were at the time the property of Hallowell, or so far his property as to be liable to attachment for his debts.   On this the plaintiff had the burden of proof.   Evidence of the fact that, a few

weeks before, the debtor held and used the property as his own, might be sufficient, *prima facie*, to establish this fact. If this was encountered by proof of a subsequent sale and delivery, the plaintiff might, if he could, rebut that evidence by denying the making of the contract of sale, or its completion by a delivery, or its validity as against creditors, and both parties might offer evidence on these points; but the question at issue still remained, whether, when the order was given by the plaintiff to the officer, the property was liable to his attachment, and of this the burden of proof was on him. *Morrison* v. *Clark*, 7 Cush. 213.                                                    *Exceptions overruled.*